UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-485-SEB-JMS |
| | ) | |
| PRECISION AIRSOFT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

This cause is before the court on Defendant's Motion to Change Venue [Docket No. 31] filed July 31, 2009, pursuant to 28 U.S.C. § 1404(a). Defendant, Precision Airsoft, LLC ("Precision"), admits that venue is proper in the Southern District of Indiana, but requests that this Court transfer this action to the Eastern District of Washington[1] for the convenience of the parties, the witnesses, and in the interest of justice. Plaintiff, Heckler & Koch, Inc. ("H&K"), argues that Precision has failed to meet its burden to establish the need for transfer and claims that transferring this action would only shift any inconvenience from one party to the other.

Plaintiff is a corporation organized and existing under the laws of the State of Virginia. Defendant is incorporated under the laws of the State of Washington and has its

---

[1] Defendant actually requests that the case be transferred to "the District of Washington." Def.'s Br. at 3. However, because Defendant's principal place of business is Spokane, Washington, which is in the Eastern District, that district would be the proper venue for transfer.

principal place of business in Spokane, Washington.  Plaintiff alleges that Defendant has advertised, distributed, and/or sold airsoft "BB" guns made to replicate firearms made by Plaintiff and has used Plaintiff's trademarks and trade dress in its products, advertisements, and packaging.  Plaintiff's Complaint asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception.

**I.     Standard of Review**

The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26, 27 (1960)).  It provides that "for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Thus, "transfer is appropriate under § 1404(a) where the moving party establishes that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice."  State Farm Mutual Auto. Ins. Co. v. Estate of Bussell, 939 F. Supp. 646, 651 (S.D. Ind.

1996) (Barker, J.). The trial judge has wide discretion to weigh the factors for and against transfer when making this determination. Id.

## II. Discussion

Because the parties agree that venue is proper for adjudication of this action in either Indiana or Washington, the only issue now before us is in which district the convenience of the parties, the convenience of the witnesses, and the interests of justice would be best served. Judge Lawrence recently issued orders granting numerous defendants' motions to transfer in substantially similar cases, involving the same plaintiff, H&K, and the same factors as those presented here.[2] For the reasons detailed below, we agree with Judge Lawrence's reasoned analysis in those cases and similarly find here that the balance of the relevant factors weighs decidedly in favor of transferring the case at bar to the Eastern District of Washington.

### A. Convenience of the Parties and Witnesses

In this case, Eastern Washington is clearly more convenient for Defendant; Precision's proprietor, Clinton Olson, runs nearly all of the company's business and testified by declaration that the travel required of him to litigate this case in Indiana

---

[2] These rulings were issued in the following cases: Heckler & Koch, Inc. v. Li, 2009 WL 4842843 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Dong Ying Mfg., Inc., 2009 WL 4906930 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Airsoft G.I., 2009 WL 4906933 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Yang, 2009 WL 4906942 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Team S.D., Inc., 2009 WL 4906943 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Evike.com, Inc., 2009 WL 4906946 (S.D. Ind. Dec. 11, 2009); Heckler & Koch, Inc. v. Airsplat, 2009 WL 4906947 (S.D. Ind. Dec. 11, 2009).

would create a significant burden on Precision's day-to-day operations, impede his ability to create new business, and have the potential to severely damage his current business. Olson Decl. ¶¶ 4-6. All of Defendant's business records, invoices, and other materials offering proof in this matter are housed at Precision's offices located in the state of Washington. All of its employees are located in Washington. Id. ¶¶ 2, 12. Moreover, over the past three years, the percentage of Defendant's sales in Indiana have comprised less than two percent of its total sales and only seventeen (17) of the seventy-eight (78) allegedly infringing products have ever been sold in Indiana. Id. ¶¶ 13-16.

     Plaintiff rejoins that this district is more convenient for it as its investigation was conducted in Indiana, and thus, all of its documents and evidence pertaining to this action are located here. However, as Judge Lawrence observed in Heckler & Koch, Inc. v. Dong Ying Manufacturing, Inc., 2009 WL 4906930 (S.D. Ind. Dec. 11, 2009), Plaintiff's convenience "is a convenience of its own making, based not upon its presence here, but rather on the fact that its investigator and attorney are located here." Id. at *1. Defendant has identified potential witnesses, such as consumers currently residing in Washington, for whom Eastern Washington would be imminently more convenient than this district and who would not be under the subpoena power of this Court if they were not willing to testify voluntarily. Plaintiffs counter that all of its trademark enforcement agents with knowledge of this matter reside in Indiana. Again, however, as Judge Lawrence recently recognized, "that was [Plaintiff's] choice, and therefore it is not entitled to nearly as much weight as it would be if Indiana were inherently more convenient . . . ." Id.

Plaintiffs also argue that it would require testimony from several witnesses in Georgia and Virginia, both of which states are geographically closer to Indiana than to Washington.  But as Plaintiff acknowledges, in either case those witnesses would be required to travel and, with modern transportation, the relatively small amount of increased travel time that might be necessitated if one of Plaintiff's witnesses along with its evidence had to travel to the state of Washington as opposed to Indianapolis does not outweigh the clear convenience that would be gained by Defendant if this case were litigated in Washington State.  For these reasons, the convenience of the parties and the witnesses clearly supports a transfer of this action to the Eastern District of Washington.

### B.      Interest of Justice

Finally, we consider whether the transfer would be in the "interest of justice," which includes "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case."  Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986)).  Relevant to this factor is a comparison of the dockets in this district and the Eastern District of Washington.  See In re National Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003).

For the twelve-month period ending September 30, 2009, this court ranked 16th in the nation for the number of weighted filings per authorized judgeship (tied for 22nd in unweighted); Eastern Washington ranked 83rd (tied for 60th in unweighted).  See http://www.uscourts.gov/judbus2009/contents.cfm, at Table X1-A.  Moreover, these

numbers do not take into account the fact that, as of this date, 40% (two out of five) of the authorized judgeships on this court are vacant, and only 25% (one out of four) of the authorized judgeships are vacant in Eastern Washington.[3]  In light of the fact that Eastern Washington has a significantly lighter caseload than this district, litigation of the action there would be in the interest of justice as a transfer would more likely ensure the litigants a speedy trial.

### III.    Conclusion

For the foregoing reasons, we find that the gain in convenience to the Defendant and his witnesses if this case is transferred clearly outweighs the loss of convenience to Plaintiff and its witnesses and that the transfer is in the interest of justice.  Accordingly, we <u>GRANT</u> Defendant's Motion to Transfer to the Eastern District of Washington.

IT IS SO ORDERED.

Date:   __03/25/2010_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] We note that this district is fortunate to have the continued service of Senior Judge McKinney.

Copies to:

Alan L. Barry
K & L GATES LLP
alan.barry@klgates.com

Douglas B. Greenswag
K & L GATES LLP
douglas.greenswag@klgates.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Briana Lynn Kovac
BINGHAM MCHALE LLP
bkovac@binghammchale.com

Brian J. McGinnis
CONTINENTAL ENTERPRISES
bmcginnis@ce-ip.com

Darlene R. Seymour
dseymour@ce-ip.com